UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **Gabriella Tatum, et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action 10-4269 (ES) (CLW) |
| v. : | |
| : | |
| **Chrysler Group, LLC,** : | **OPINION and ORDER** |
| : | |
| Defendant. : | |

**SALAS, DISTRICT JUDGE**

On October 3, 2011, Magistrate Judge Cathy Waldor issued a Report and Recommendation (D.E. 57) recommending that this Court grant Defendant Chrysler Group, LLC's ("Chrysler") Motion to Transfer Venue to the Bankruptcy Court for the Southern District of New York as to Count I, deny Chrysler's Motion to Transfer Venue as to Counts II-IV, and administratively terminate the case pending resolution of Count I.[1]  The parties were given notice that they had fourteen days from their receipt of the Report and Recommendation to file and serve any objections pursuant to Local Civil Rule 72.1(c)(2).  Plaintiffs timely filed an objection, (D.E. 58), and Defendant timely filed a response.  (D.E. 59).  Having carefully reviewed the Report and Recommendation *de novo* and the submissions by the parties, the Court hereby ADOPTS the thoughtful and thorough Report and Recommendation of Magistrate Judge Waldor,

---

[1] Below, the Court adopts a clarified version of this recommendation by Magistrate Judge Waldor.  Instead of administratively terminating the case pending a decision on Count I in the bankruptcy court, the Court *stays* the case in this Court pending the bankruptcy court's determination, and this Court administratively terminates the existing motions without prejudice, granting leave to re-file the motions once the case is reactivated.

1

attached below. In addition to adopting the facts, the procedural history, the summary of the parties' arguments on transfer, the discussion, and the conclusions of Magistrate Judge Waldor, the Court addresses the Plaintiffs' main objections and the Defendant's main responses to the Report and Recommendation.

First, in their objections to the below Report and Recommendation, Plaintiffs argue that "[a]s a threshold matter, the Court cannot properly grant Chrysler's motion pursuant to 28 U.S.C. § 1412—a statute that governs the transfer of cases already in bankruptcy court" because "this case is not now, nor has it ever been, in bankruptcy." (Pl. Objection at 6). Defendant responds that this case "relates to" a bankruptcy proceeding, and therefore § 1412 provides a proper vehicle for transfer. Defendant further contends, "Plaintiffs refuse to acknowledge the controlling law in this Circuit, and the wealth of opinions from this District, finding that § 1412 is the proper statutory framework for analyzing transfer in a 'related to' proceeding." (Def. Response Br. at 4-5). The Court agrees with Defendant, and adopts the reasoning of Magistrate Judge Waldor, emphasizing the following:

> The Third Circuit and this District, specifically, have consistently applied § 1412 to transfer of "related to" bankruptcy proceedings. *See Johanna Foods, Inc. v. Toobro Holdings TBF LLC*, No. 11-2612, 2011 WL 1791352 (D.N.J. May 10, 2011); *Perno v. Chrysler Grp., LLC*, No. 10-5100, 2011 WL 868899, at * 4 (D.N.J. Mar. 10, 2011); *Donahue v. Vertis, Inc.*, No. 10-2942, 2010 WL 5313312 (D.N.J. Dec. 20, 2010); *Clark v. Chrysler Grp., LLC*, No. 10-3030, 2010 WL 4486927, at *6 (E.D. Pa. Nov. 5, 2010); *Abrams v. General Nutrition Cos., Inc.*, No. 06-1820, 2006 WL 2739642 (D.N.J. Sept. 25, 2006). Here, Count I of the Complaint requires interpretation of the Bankruptcy Court's Sale Order to determine whether Chrysler has assumed certain liability in this case. As such, the case is "related to" the bankruptcy proceeding and the Court deems it unnecessary to address this argument further.

(Report and Recommendation, D.E. 57 at 6 n.2).  Therefore, the Court finds that transfer is proper under § 1412, because § 1412 is an appropriate vehicle for transfer where a case relates to a bankruptcy proceeding, and because Count I is related to such a proceeding.

Second, Plaintiffs argue that "[t]ransfer under Section 1412 is entirely discretionary with the Court," "the moving party bears the heavy burden of establishing the need for transfer," and the factors "weigh strongly against transfer of Count I in this case."  (Pl. Objection at 7-8). Defendant responds that the relevant factors favor transfer.  (Def. Response Br. at 6-8).  Courts are to consider the following non-exhaustive list of factors when determining whether transfer is appropriate under the interests of justice prong: (1) the economics of estate administration; (2) a presumption in favor of the home court; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders; (6) the enforceability of any judgment; and (7) plaintiff's choice of forum.  *Perno*, 2011 WL 868899, at *3.  The Court adopts Magistrate Judge Waldor's careful consideration of the factors, and highlights the following point.  In their objections, Plaintiffs argue that "[t]he parties have already invested substantial time and money in proceedings before this Court," and therefore the factor of judicial efficiency weighs in favor of denying transfer.  (Pl. Objection Br. at 8). Defendant counters that Magistrate Judge Waldor already "noted [that] Plaintiffs' argument that this Court is more familiar with these proceedings 'is of marginal truth,' due both to the recent reassignment of the case to a new judge and because the Bankruptcy Court has a far superior knowledge of the Sale Order which must be interpreted."  (Def. Response Br. at 7).  Indeed, the Court finds that transferring a claim related to a Sale Order to the court that retained jurisdiction to interpret it promotes efficiency.  This point—along with the Court's independent review of the

3

factors—satisfies the Court that Defendant has met its burden of establishing the need for a transfer.

Third, Plaintiffs argue that "[t]here is no dispute that Counts II-IV are not affected by the Sale Order, and thus they should not be delayed while the Sale Order is interpreted in the Bankruptcy Court," thus, [i]t is paramount that all discovery on this case . . . not be frozen *indefinitely* pending the determination on Count I." (Pl. Objection at 11-12). Defendant responds, "[a]bsent a stay, this Court will be faced with the possibility of expending its limited resources presiding over discovery disputes involving some claims, only to have to revisit those disputes if Plaintiffs' 'other' claim is deemed to be viable by the Bankruptcy Court." (Def. Response Br. at 9-10). The Court agrees with Defendant.

Under its inherent power to manage its docket, the Court finds that proceeding with discovery over claims that could be affected by the determination of Count I in the bankruptcy court undermines judicial efficiency and exposes the parties to potentially unnecessary costs. *See*, *e.g.*, *Int'l Consumer Prods. N.J., Inc. v. Complete*, No. 07-325, 2008 WL 2185340, at *1 (D.N.J. May 23, 2008) (staying action and directing the parties to proceed before the bankruptcy court "even in the absence of the bankruptcy petition" based on the court's "inherent power to control the docket" because "the interests of judicial economy will be best served by staying this action in its entirety"), *reconsideration denied by* No. 07-325, 2008 WL 4723025 (D.N.J. Oct. 24, 2008); *All-Am. Chevrolet, Inc. v. De Santis*, No. 05-5672, 2007 WL 4355477 (D.N.J. Dec. 7, 2007) (staying action pending determination in bankruptcy court pursuant to the court's "inherent power to control the docket and in the interests of judicial economy" and granting leave to the parties to move to reopen the case "when appropriate"); *Jackson Hewitt Inc. v.*

*Childress*, No. 06-909, 2008 WL 834386 (D.N.J. Mar. 20, 2006) (staying case "pending the outcome of proceedings in the Bankruptcy Court").

Finally, the Court addresses Plaintiffs concern that discovery will be stayed indefinitely pursuant to this Order. The Court shares Plaintiffs' concern, and therefore clarifies Magistrate Judge Waldor's recommendation to administratively terminate the case pending a determination of Count I in bankruptcy court. Per the below Order—and pursuant to its inherent power to manage its docket—the Court stays the action *sua sponte* for purposes of avoiding potentially duplicative litigation and discovery. *See*, *e.g.*, *Rodgers v. U.S. Steel Corp.*, 508 F.2d 152, 162 (3d Cir. 1975) ("The district court had inherent discretionary authority to stay proceedings pending litigation in another court."); *Landmark Am. Ins. Co. v. Rider Univ.*, No. 08-1250, 2010 U.S. Dist. LEXIS 110020, at *27-28 (D.N.J. Oct. 14, 2010) ("[The] Court exercises its discretion to *sua sponte* stay this matter and administratively terminate the case pending the outcome of factual discovery in the underlying . . . Action pending in Superior Court."); *MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 U.S. Dist. LEXIS 96266, at *12 (D.N.J. Oct. 15, 2009) ("Federal courts have inherent power to control their dockets by staying proceedings." (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In light of this stay, the Court shall exercise its discretion to administratively terminate—without prejudice—Defendant's Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) (D.E. 37) and Defendant's Motion to Dismiss for Lack of Jurisdiction (D.E. 38), pending the bankruptcy court's decision on Count I. *See*, *e.g.*, *SEC v. Infinity Grp. Co.*, 212 F.3d 180, 197 (3d Cir. 2000) ("Matters of docket control and scheduling are within the sound discretion of the district court."); *White v. City of Trenton*, Slip. Op. No. 06-5177 (D.N.J. Oct. 14, 2009) (exercising discretion "to

administratively terminate Defendant's Motion for Summary Judgment pending a decision on Mr. White's Motion for Reconsideration"). Once the bankruptcy Court has decided Count I, the Court grants leave to re-file the motions.

Additionally, to ensure that the case does not stall indefinitely, below the Court orders that the parties file a one-page joint status letter every ninety days from the date of the below Order until the bankruptcy court reaches a conclusion, addressing the progress of Count I.

**ORDER**

      IT IS on this 15th day of December 2011 ORDERED as follows:

1. The thoughtful and thorough Report and Recommendation of Magistrate Judge Waldor is hereby adopted—as clarified in the above Opinion—as the opinion of this Court;

2. Defendant's Motion to Transfer Venue to the Bankruptcy Court for the Southern District of New York as to Count I is GRANTED;

3. Defendant's Motion to Transfer Venue to the Bankruptcy Court for the Southern District of New York as to Counts II-IV is DENIED;

4. The Court administratively stays this action until the resolution of Count I in bankruptcy court;

5. The Court administratively terminates the following motions, granting leave for them to be re-filed after the resolution of Count I in the bankruptcy court: Defendant's Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) (D.E. 37) and Defendant's Motion to Dismiss for Lack of Jurisdiction (D.E. 38);

6. The Clerk of Court shall administratively terminate the following motion, decided in this Opinion and Order: (D.E. 32);

7. The Clerk of Court shall administratively terminate the Report and Recommendation of Magistrate Judge Waldor, adopted in this opinion: (D.E. 57);

8. The Court directs the parties to file a one-page joint status letter every ninety days from the date of this Order until the bankruptcy court resolves Count I, addressing the progress of the Count.

                                            *s/Esther Salas*  
                                            **Esther Salas, U.S.D.J.**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

------------------------------------------------------X
                                                :

**Gabriella Tatum, et al.,**                :

            **Plaintiffs,**            :

                                  :       Civil Action 10-4269 (ES)(CLW)

**v.**                                 :

**Chrysler Group, LLC,**            :       **REPORT & RECOMMENDATION**
                                  :       October 3, 2011
            **Defendant.**        :
------------------------------------------------------X

**WALDOR, UNITED STATES MAGISTRATE JUDGE**

     Before the Court is Defendant Chrysler Group LLC's ("Chrysler") motion to transfer venue ("Motion to Transfer Venue") pursuant to 28 U.S.C. § 1412 to the Bankruptcy Court for the Southern District of New York. (Docket Entry No. 32). Plaintiffs Gabriella Tatum and Jamie Meyer ("Plaintiffs") submitted opposition to the motion. (Docket Entry No. 36). Pursuant to Local Civil Rule 72.1, the Honorable Esther Salas, United States District Judge, referred this motion to the Undersigned for report and recommendation. For the reasons set forth below, this Court respectfully recommends GRANTING in part and DENYING in part Chrysler's Motion to Transfer Venue to the Bankruptcy Court for the Southern District of New York.

**I.**     **FACTS AND PROCEDURAL HISTORY**

     Plaintiffs filed their original complaint ("Complaint") on August 19, 2010 alleging the existence of a braking defect in model-year 2009 and 2010 Dodge Journey vehicles. Plaintiffs seek relief, in part, for alleged violations of the New Jersey Consumer Fraud Act ("NJCFA"),

1

N.J.S.A. 56:8-1, *et seq.* This claim is based on alleged acts and omissions occurring before Defendant existed. More specifically, on April 30, 2009, Old Carco LLC (f/k/a Chrysler LLC) and several of its subsidiaries ("Old Carco" and/or "Debtors") filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. See In re Old Carco LLC (f/k/a Chrysler LLC), Case No. 09-50002 (Bankr. S.D.N.Y.). Defendant Chrysler, an entity that did not exist until April 28, 2009, purchased certain assets of Old Carco in the bankruptcy proceeding pursuant to the terms of a 49-page Order entered by the Bankruptcy Court on June 1, 2009 "(I) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures, and (III) Granting Related Relief" ("the Sale Order"). The Sale Order addressed, in pertinent part, whether Chrysler would be responsible for the liabilities of the Debtors:

> Except for the assumed liabilities expressly set forth in the purchase agreement or described therein . . . none of the Purchaser, its successors or assigns or any of their respective affiliates shall have any liability for any claim that (a) arose prior to the closing date, (b) relates to the production of vehicles prior to the Closing date or (c) is otherwise assertable against the Debtors or is related to the Purchased Assets prior to the Closing Date. The Purchaser shall not be deemed . . . to: (a) be a legal successor, or otherwise be deemed a successor to the Debtors . . . (b) have, *de facto*, or otherwise, merged with or into the Debtors; or (c) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors.
>
> (Sale Order ¶ 35.)

The Sale Order also addressed whether Chrysler Group would be liable for state breach of warranty claims under the Magnuson-Moss Warranty Act:

> Notwithstanding anything else contained herein or in the Purchase Agreement, in connection with the purchase of the Debtor's brands and related Purchased Assets, the Purchaser, from and after the Closing, will recognize, honor and pay

> liabilities under Lemon Laws for additional repairs, refunds, partial refunds (monetary damages) or replacement of a defective vehicle (including reasonable attorneys' fees, if any, required to be paid under such Lemon Laws and necessarily incurred in obtaining those remedies), and for any regulatory obligations under such Lemon Laws arising now, including but not limited to cases resolved pre-petition or in the future, on vehicles manufactured by the Debtor in the five years prior to the Closing (without extending any statute of limitations provided under such Lemon Laws), but in any event not including punitive, exemplary, special, consequential, or multiple damages or penalties and not including any claims for personal injury or other consequential damages that may be asserted in relationship to such vehicles under the Lemon Laws. As used herein, "Lemon Law" means a federal or state statute, including, but not limited to, claims under the Magnuson-Moss Warranty Act based on or in conjunction with a state breach of warranty claim, requiring a manufacturer to provide a consumer remedy when the manufacturer is unable to conform he vehicle to the warranty after a reasonable number of attempts as defined in the applicable statute.

(Sale Order ¶ 19.)

The Bankruptcy Court retained jurisdiction to "interpret, enforce, and implement the terms and provisions of [the] Sale Order and Purchase Agreement." (Sale Order ¶ 43). The Bankruptcy Court has also noted that it has "special expertise regarding the meaning of its own order," and that "its interpretation is entitled to deference." <u>Wolff v. Chrysler Group</u>, slip op. at 13 (Adv. Proc. No. 10-5007, S.D.N.Y., July 30, 2010) (attached to Def's Mot. at Ex. H, at 7; CM/ECF No. 32).

On December 22, 2010, Chrysler filed a motion to dismiss ("Motion to Dismiss") pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Chrysler is not liable for obligations that existed prior to the bankruptcy reorganization that created Chrysler as it is presently constituted. (Docket Entry No. 6). On March 28, 2011, Judge Cavanaugh issued an opinion granting in part and denying in part Chrysler's Motion to Dismiss. (Docket Entry No. 13). As it relates to the instant motion, Judge Cavanaugh discussed and analyzed the relevant law relating to successor

3

liability but ultimately reserved decision with respect to whether Chrysler impliedly assumed liability under the Sale Order.  Id.

On May 24, 2011, Plaintiffs filed a Second Amended Complaint ("SAC").  The SAC contains four causes of action: Counts I and II allege violations of the NJCFA; Count III alleges breach of warranty under the Magnuson-Moss Warranty Act; and Count IV alleges breach of express warranty under state law.  On May 27, 2011, Chrysler filed the present Motion to Transfer Venue pursuant to 28 U.S.C. § 1412.  (Docket Entry No. 32).  On June 21, 2011, Plaintiffs filed opposition to Chrysler's Motion to Transfer Venue.  (Docket Entry No. 36).

## II.     PARTIES' ARGUMENTS ON TRANSFER

Defendant contends that the issue of whether Chrysler assumed the liabilities for the claims made in Count I of Plaintiffs' SAC should be determined by the Bankruptcy Court that issued the Sale Order.  (Def's Br. 7).  In support, Chrysler argues that several district courts, including courts in this District, have transferred cases brought against Chrysler to the Bankruptcy Court, which has retained jurisdiction to interpret and enforce the Sale Order, when a threshold issue in the case involved a dispute over an alleged assumed liability.[1]  Id. at 9.  Here, Chrysler contends that Plaintiffs' claims raise a threshold issue as to whether Chrysler assumed liabilities arising out of violations of state consumer protection statutes thus requiring an interpretation and application of the Sale Order.  As such, it is Chrysler's belief that transfer is appropriate.  Id. at 10.

---

[1] Chrysler specifically points the Court to the following cases: Perno v. Chrysler Group, LLC, 2011 WL 868899 at *3, n.2 (D.N.J. Mar. 10, 2011) at *3, n.2; Shatzki v. Abrams, No. 09-2046, 2010 WL 148183 (E.D.Ca. Jan. 12, 2010); Clark v. Chrysler Group, LLC, No. 10-3030, 2010 WL 4486927, *7-8 (E.D. Pa. Nov. 5, 2010); Doss v. Chrysler Group, LLC, No. 09-2130, 2009 WL 4730932, *3 (D. Ariz. Dec. 7, 2009); Cooper v. Daimler AG, No. 09-2507, 2009 WL 4730306, *4 (N.D. Ga. Dec. 3, 2009).

Plaintiffs argue that transfer is inappropriate because the only claim that may arguably implicate assumed liability is the Count I NJCFA claim, N.J.S.A. 56:8-1, *et seq.* (Pl's Br. 2). Plaintiffs further claim that because the original Complaint was filed on August 19, 2010, the Court has already invested considerable time becoming familiar with the relevant facts and legal issues thus making this Court the more efficient forum to handle the litigation. Id. Next, Plaintiffs take issue with the means by which Defendant seeks to transfer the case; namely, Plaintiffs argue that 28 U.S.C. § 1412 is inapplicable because the statute governs transfer of cases already pending in bankruptcy court. Finally, Plaintiffs claim that Chrysler's filing of the present motion, more than nine months after the case was filed, is nothing more than a prejudicial attempt to forum-shop. Id. at 6.

Neither party disputes that the remaining three counts of the Complaint may be properly and effectively handled by this Court. In fact, Chrysler conceded and stipulated on the record that it assumed liabilities associated with breach of warranty claims arising out of alleged defects in the vehicles at issue. (Def's Br. 1, n. 1). Moreover, Chrysler has explicitly represented and agreed as follows: "If this case is transferred so that the Bankruptcy Court can interpret its own Sale Order on the 'successor liability' issue implicated by the First Count of the SAC, Chrysler Group will not oppose a motion filed by Plaintiffs to remand back to this Court whatever claims may remain after that Court issues its ruling(s) on any legal issues implicated by the SAC." (Def.'s Reply Br. 5).

5

**III.     DISCUSSION**

    **A.     Legal Standard**

28 U.S.C. § 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interests of justice or for the convenience of the parties." Id. Section 1412 allows for the transfer of a case in either of two situations: in the interests of justice **or** for the convenience of the parties. Clark v. Chrysler Group, LLC, No. 10-3030, 2010 WL 4486927, at *5 (E.D. Pa. Nov. 5, 2010) (emphasis added); In re Dunmore Homes, Inc., 380 B.R. 663, 670 (S.D.N.Y. 2008) ("Section 1412 is worded in the disjunctive allowing a case to be transferred under either the interest [of justice] rationale or the convenience of parties rationale."); Perno v. Chrysler Group, LLC, No. 10-5100, 2011 WL 868899 (D.N.J. Mar. 10, 2011).[2]

Defendant moves to transfer under the interests of justice prong. This prong is "broad and flexible" and must be "applied on a case-by-case basis." Perno, 2011 WL 868899, at *3 (citing Gulf States Exploration Co. v. Manville Forest Prods. Corp., 896 F.2d 1384, 1391 (2d Cir. 1990). Courts are to consider the following non-exhaustive list of factors when determining whether transfer is appropriate under the interests of justice prong: (1) the economics of estate administration; (2) a presumption in favor of the home court; (3) judicial efficiency; (4) the

---

[2] The Court notes Plaintiffs' argument that 28 U.S.C. § 1412 is inapplicable because "the current case was brought against Chrysler Group LLC, a non-bankrupt entity, in federal district court and raises state and federal statutory and common law claims having nothing to do with title 11." (Pl. Opp., at 7). However, the Third Circuit and this District, specifically, have consistently applied § 1412 to transfer of "related to" bankruptcy proceedings. See Perno, No. 10-5100, 2011 WL 868899 at *4; Clark, No. 10-3030, 2010 WL 4486927, at *6; Johanna Foods, Inc. v. Toobro Holdings TBF LLC, No. 11-2612, 2011 WL 1791352 (D.N.J. May 10, 2011); Donahue v. Vertis, Inc., No. 10-2942, 2010 WL 5313312 (D.N.J. Dec. 20, 2010); Abrams v. General Nutrition Companies, Inc., No. 06-1820, 2006 WL 2739642 (D.N.J. Sept. 25, 2006). Here, Count I of the Complaint requires interpretation of the Bankruptcy Court's Sale Order to determine whether Chrysler has assumed certain liability in this case. As such, the case is "related to" the bankruptcy proceeding and the Court deems it unnecessary to address this argument further.

ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders; (6) the enforceability of any judgment; and (7) plaintiff's choice of forum.  Id.

A case need not be transferred in whole.  Fed. R. Civ. P. 21 provides: "any claim against any party may be severed and proceeded with separately."  See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1518-19 (10th Cir. 1991) (holding that claims may be properly severed under Fed. R. Civ. P. 21); Dao v. Knightsbridge Intern. Reinsurance Group, 15 F.Supp.2d 567 (D.N.J. 1998); Murray, Wilson and Hunter v. Jersey Boats, Inc., No. 91-7733, 1992 WL 37516, at *2 (E.D. Pa., Feb. 21, 1992).  A court may order severance of an action on its own initiative.  American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc., 407 F. Supp. 164 (D.V.I. 1975).  See In re LR Buffalo Creek, LLC, No. 09-196, 2009 WL 2382285 (W.D.N.C. July 30, 2009) (severing and transferring claim deemed related and critical to the bankruptcy proceeding).

### B. Application

#### 1. Count I: Violation of the New Jersey Consumer Fraud Act

The Court finds that transfer of Count I is appropriate because it is necessary to interpret the Sale Order to determine whether Chrysler has assumed certain liabilities in this case.  The relevant § 1412 factors favor transfer.  First, courts have concluded that when civil actions are related to a pending bankruptcy, there is a presumption that the district where the bankruptcy case is pending is the appropriate venue.  Toth v. Bodyonics, Ltd., No. 06-1617, 2007 WL 792172, at *2 (E.D. Pa. Mar. 15, 2007).  To that end, Chrysler asserts, and Plaintiff concedes, that interpretation of the Sale Order is required to determine whether a claim requiring both a breach of warranty **and** bad faith or unfair dealing equates with a claim for breach of warranty,

alone, within the meaning of the Sale Order.  Second, transfer will promote judicial efficiency.  As noted above, the Bankruptcy Court has expressly retained jurisdiction to interpret the terms of its Sale Order.  (Sale Order ¶ 43).  By transferring the case to the Bankruptcy Court, the Court reduces the risk of inconsistent interpretation of the Sale Order.  As Judge Falk noted in Perno, "allowing for different courts in different jurisdictions to interpret the terms of the Sale Order creates the possibility for inconsistent determinations, inconsistent liability to [Chrysler], and needless confusion."  2011 WL 868899, at *4.

The Court has considered Plaintiffs' choice of forum, convenience and expedience arguments and the deference afforded to Plaintiffs in litigating in the forum they select.  However, these factors are outweighed by those stated above.  Specifically, although Plaintiffs argue that this Court is more familiar with these proceedings, that representation is of marginal truth.  This case was first referred to this particular Court on August 3, 2011.  As such, the Court has had little opportunity to engage in more than a cursory review of the Sale Order.  The Bankruptcy Court, however, as the enforcer of the Sale Order at issue, is significantly more familiar with the voluminous Sale Order.  Lastly, to the extent Count I requires the application of New Jersey law, Plaintiffs are not precluded from filing a motion to remand the claim back to this Court once the question of Chrysler's liability under the Sale Order is resolved.

Finally, Plaintiffs contend that Chrysler has essentially waived its ability to move to transfer venue because of the purported maturity of this litigation.  This Court disagrees.  A motion to transfer venue is not deemed to have been waived if not raised in an initial response to the complaint.  McGuire v. Waste Mgmt., Inc., No. 09-2591, 2011 WL 692203 (D.S.C. Feb. 18, 2011).  See Ins. Co. of N. America v. Ozean/Stinnes-Linien, 367 F.2d 224, 227 (5th Cir. 1966)

8

(holding that a motion to transfer venue could have been made even after a motion to dismiss has been denied); Campbell v. FMC Corporation, No. 91-7536, 1992 WL 176417, *6, n. 6 (E.D. Pa. July 17, 1992) (according no weight to plaintiff's allegation of "dilatoriness" where neither party had progressed far in preparation for trial); Inter-City Prods. Corp. v. Ins. Co. of N. America, No. 90-717, 1993 WL 18948, at *9 (D.N.J. Jan. 26, 1993) (finding that timing did not weigh against transfer). Accordingly, the fact that Defendant first filed its Motion to Transfer Venue nine months after the filing of the original Complaint does not waive its ability to seek relief under § 1412.

### 2. Counts II-IV

The Court does not believe it appropriate to transfer Counts II-IV to the Bankruptcy Court because the remaining claims do not relate to the pending bankruptcy proceeding. The remaining counts are as follows: (1) Count II: Violation of the NJCFA, N.J.S.A. 56:8-1, *et seq.*; (2) Count III: Breach of Written Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; and (3) Count IV: Breach of Express Warranty under State Law. These claims implicate no assumed liability issues. Instead, these claims focus exclusively on breach of warranty claims or rely entirely on allegations related to Chrysler's post-bankruptcy conduct. To that end, Chrysler conceded and stipulated on the record that it assumed the liabilities associated with breach of warranty claims arising out of alleged defects in the vehicles at issue. Additionally, Chrysler has already expressed its willingness to litigate the remaining claims in this forum. Lastly, the Court agrees with Plaintiffs' contention that the balance of factors fails to support transfer. Plaintiffs selected this forum, Named Plaintiff Jamie Meyer's claim arose out of New Jersey, and it would be more convenient and less costly to Plaintiffs to litigate the

balance of claims in this District. Accordingly, to the extent Chrysler seeks entry of an Order transferring Counts II-IV to the Bankruptcy Court for the Southern District of New York, this Court recommends that the request be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court recommends GRANTING Chrysler's Motion to Transfer Venue to the Bankruptcy Court for the Southern District of New York as to Count I and DENYING Chrysler's Motion to Transfer Venue as to Counts II-IV. In the interest of administrative efficiency, the Court also recommends administratively terminating the case pending resolution of Count I. Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

                                                    **s/ Cathy L. Waldor**
                                                    **CATHY L. WALDOR**
                                                    **UNITED STATES MAGISTRATE JUDGE**