**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ——————————————— : | |
| **GABRIELLA TATUM and JAMIE** : | |
| **MEYER, on behalf of themselves and all** : | |
| **others similarly situated,** : | |
| : | |
| **Plaintiffs,** : | |
| : | **Civil Action 10-4269 (ES)** |
| **v.** : | |
| : | |
| **CHRYSLER GROUP LLC,** : | **OPINION** |
| : | |
| **Defendant.** : | |
| ——————————————— : | |

**SALAS, DISTRICT JUDGE**

        Pending before this Court is Chrysler Group, LLC's ("Defendant" or "Chrysler") motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6).  (D.E. 66, Defendant's Motion to Dismiss ("Def. Mov. Br.")).  Also pending before this Court is Plaintiffs' motion for leave to file a third amended complaint.  (D.E. 88).  The Court has jurisdiction under the 2005 Class Action Fairness Act, 28 U.S.C. § 1332(d).  The Court decides the matter without oral argument under Fed. R. Civ. P. 78(b).

        For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss, and dismisses Plaintiffs' second amended complaint with leave to file a third amended complaint within 30 days of this opinion.  The Court therefore DENIES Plaintiffs' motion for leave to file a third amended complaint as moot.

I.      **Background**

      A.      **Procedural Background**

On August 19, 2010, Plaintiffs Meyer and Tatum brought this action on behalf of themselves and (1) owners or lessees of 2009 or 2010 Dodge Journey (the "Journey") vehicles in New Jersey or California and (2) former owners or lessees of the Journey in those states who paid for a repair related to the Journey's "[b]raking [s]ystem" (collectively, "Plaintiffs").  (D.E. 1, Complaint, ¶ 67-79).  Defendant first moved to dismiss on October 22, 2010.  (D.E. 6).  On March 28, 2011, the Court granted-in-part and denied-in-part the motion to dismiss, and permitted Plaintiffs leave to replead the dismissed claims.  (D.E. 13).  Plaintiffs subsequently filed their first amended complaint on May 9, 2011, (D.E. 24), and then their second amended complaint (the "Complaint") on May 24, 2011,   (D.E. 29, Plaintiffs' Second Amended Complaint ("2AC")).

In the Complaint, Plaintiffs allege the following counts: violations of the New Jersey Consumer Fraud Act ("NJCFA"), as Counts I and II ( 2AC ¶¶ 67-79); breach of written warranty under the Magnuson-Moss Warranty Act relating to Plaintiffs Meyer and Tatum, as Count III (2AC ¶¶ 80-88); and breach of express warranty under California and New Jersey law relating to Plaintiffs Meyer and Tatum, as Count IV (2AC ¶¶ 89-95).

On May 27, 2011, Defendant moved to transfer this case to the Southern District of New York Bankruptcy Court (D.E. 32).  On June 22, 2011, Defendant then moved to dismiss under Rules 12(b)(6), 9(b), and under 12(b)(1).  (D.E. 37 & 38).  The Court then transferred Count I of the Complaint to the Bankruptcy Court.  (D.E. 60).  The Bankruptcy Court subsequently dismissed Count I with prejudice.  (D.E. 63).  On March 1, 2012, Defendant then filed a motion

to dismiss the remaining counts of the Complaint under Rule 12(b)(6), which is now before the Court.  (D.E. 66).

### B.    General Allegations

Plaintiffs allege that Defendant has engaged in "failed, inadequate[,] and deceptive warranty practices" to mask the defective design of the braking systems in the Journey.  (2AC ¶¶ 1, 9).  Plaintiffs allege that the Journey has a defective design because the overall braking system, "i.e., brake rotors, brake pads, brake linings, and brake drums, . . . is far too small for a vehicle of its size."  (*Id.* ¶ 22).  More specifically, Plaintiffs allege that the area of the brake pad that comes into contact with the rotor, the "swept area," is too small.  (*Id.* ¶¶ 24, 26).  An insufficiently small "swept area" allegedly causes "increased brake wear and warping of the rotors," which in turn affects "other systems" and "cause[s] the Journey's steering capabilities to suffer and subject it to violent shaking and vibrating."  (*Id.* ¶ 28).

In sum, Plaintiffs allege that "the problem with the [b]raking [s]ystem (i.e., the small swept area) causes not only increased brake wear and loss of proper brake function, but also causes other malfunctions such as loss of proper steering and handling control, wheel and tire alignment problems, and violent shaking that interferes with proper . . . operation."  (*Id.*).  Furthermore, Plaintiffs allege that Defendant "knew that the too-small [b]raking [s]ystem would result in significant performance and safety problems for the Journey."  (*Id.* ¶ 5).

As a result of these alleged defects, Plaintiffs allege that the Journey manifested problems "within applicable warranty periods."  (*Id.* ¶ 30).  Plaintiffs allege that Defendant sold the Journey to Plaintiffs with a "Basic Limited Warranty" lasting three years or 36,000 miles (the "three-year/36,000 mile warranty"), whichever came first.  (*Id.* ¶ 20).  Plaintiffs also allege that

- 3 -

there was initially a separate, narrower warranty for a list of select items, including "brakes (rotors, pads, linings and drums)," for one year or 12,000 miles (the "one-year/12,000 mile warranty"), whichever came first.  (*Id.* ¶ 20).  Accordingly, Defendant "warranted the [b]raking [s]ystem for one-year/12,000 miles."  (*Id.* ¶ 21).

According to Plaintiffs, putative class members have allegedly incurred "substantial out-of-pocket costs" relating to the Journey's braking system, notwithstanding the one-year/12,000 mile warranty, because (1) "they were not made aware of the warranty coverage," (2) "the warranty was not honored," (3) "they were not offered reimbursement for warranty repairs made by non-authorized dealers or mechanics," and/or (4) "the warranty claim fell just outside the one-year/12,000 mile coverage."  (*Id.* ¶ 6).  In addition, Plaintiffs allege that the defects in the braking system have allegedly caused other malfunctions in the Journey that are covered by the three-year/36,000 mile warranty.  (*Id.* ¶ 32).

Furthermore, Plaintiffs allege that Defendant later "extended the warranty on brake components from one-year/12,000 miles to three-years/36,000 miles on a nationwide basis" (the "extended three-year/36,000 mile warranty") at some point after August 19, 2010.  (*Id.* ¶¶ 7, 37). Plaintiffs, however, allege that Defendant purposefully concealed this warranty extension from some customers, likely notifying only those Journey purchasers residing in states that required Defendant to inform consumers of any warranty change.  (*Id.* ¶ 38).  Plaintiffs allege that Defendant's act of "effectively concealing [the] . . . extension from the majority of consumers . . . is unconscionable and contrary to consumer protection laws."  (*Id.* ¶¶ 40, 41).

### C.  Allegations Specific to Plaintiff Meyer

In January 2009, Plaintiff Meyer allegedly purchased a Journey in New Jersey.  (2AC ¶ 48).  Within approximately twelve months of her purchase, but with "a little over 12,000 miles," Plaintiff Meyer's brakes allegedly failed.  (*Id.* ¶ 49).  Given the vehicle's mileage, a Chrysler dealership refused to make the required brake repairs under the one-year/12,000 mile warranty.  (*Id.* ¶ 49).  Plaintiff Meyer then brought her vehicle to a repair shop, which made the repairs for $202.79.  (*Id.* ¶ 50).  But, seven months later, now with "19,961 miles on the odometer," Plaintiff Meyer again experienced brake problems.  (*Id.* ¶ 51).  This time, she brought her vehicle back to the dealership where she had purchased it.  (*Id.*).  There, Plaintiff Meyer paid $384.40 for the dealership to "replace[] the brake pads and rotors."  (*Id.*).  The dealership also "replac[ed] the front brake pads and rotors" without charge, as "good will" because "the front brakes were serviced only 7,000 miles earlier."  (*Id.*).

### D.  Allegations Specific to Plaintiff Tatum

In May 2008, Plaintiff Tatum bought a Journey in South Carolina.[2]  (2AC ¶ 52).  In December 2008, her Journey's "brakes began to squeak."  (*Id.* ¶ 53).  Accordingly, Plaintiff Tatum "took the car to her [Chrysler] dealer, which noted the need for brake replacement and rotor repair."  (*Id.*).  The dealer "quoted Ms. Tatum a prohibitively high price for those repairs because she was out of warranty, with just over 12,000 miles on the odometer."  (*Id.*).

In January 2009, given the "prohibitively high" cost of making such repairs, Plaintiff Tatum instead "had her tires rotated at a cost of $20" at a local repair shop which "only masked

---

[2] Plaintiff Tatum alleges that shortly after purchasing the Journey she moved to California.  (2AC ¶ 52).  Thus, while the vehicle was purchased in South Carolina, Plaintiff Tatum's state breach of express warranty claim relies on California law.  (*See id.* ¶¶ 89-95).

the problem temporarily." (*Id.*).   In April 2009, the brakes on her Journey "were squeaking again." (*Id.*).   Accordingly, she "again went to the dealer to get a quote for repairs," but the "cost of repair remained prohibitively high." (*Id.*).   Given that the quoted cost, this time her husband "bought the brake pads and made the repairs on all four wheels himself, for a total cost of $180." (*Id.*).

In September 2009, Plaintiff Tatum's "brakes were squeaking yet again." (*Id*. ¶ 54).   Not being able to "afford to replace the brake pads again immediately," she waited until February 2010 to go back to the dealer. (*Id.* ¶ 54).   Here, she was quoted "a price in excess of $400 for her repairs," again "a prohibitively high price." (*Id.*).   So Plaintiff Tatum paid $366.29 at a local repair shop "to replace the front brake pads and rotors." (*Id.*).   In March 2010, the same local repair shop, allegedly "surprised at the rapid rate of wear," then resurfaced the front rotors as a "courtesy." (*Id.* ¶ 55).   And in June 2010, Plaintiff Tatum "had the rear brake pads and calipers . . . replaced at a cost of $71.18." (*Id.* ¶ 56).   Finally, in July 2010, she "had the front and rear rotors resurfaced at her Firestone dealer . . . to reduce violent 'vehicle shaking' that had been seriously interfering with the operation of her Journey." (*Id.*).

## II.      Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed for "failure to state a claim upon which relief can be granted."   On a motion to dismiss under Rule 12(b)(6), "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Burrell v. DFS*

*Services, LLC*, 753 F. Supp. 2d 438, 440 n.1 (D.N.J. 2010) (stating that the defendants'
contradictory factual assertions must be ignored).

Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to
'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(citation omitted). So, to survive a motion to dismiss, the plaintiff must plead "factual content
that allows the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged." *Id.* Determining whether the allegations in a complaint are "plausible,"
however, is a "context-specific task that requires the reviewing court to draw on its judicial
experience and common sense." *Id.* at 679.

Furthermore, the Federal Rules of Civil Procedure requires that, when "alleging fraud or
mistake, a party must state with particularity the circumstances constituting fraud or mistake."
Fed.R.Civ.P. 9(b). The intended purpose of this heightened pleading standard is to require the
plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the
defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home
Depot*, 507 F.3d 188, 200 (3d Cir.2007) (internal quotations omitted); *see also Seville Indus.
Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir.1984).

Given these principles, the Court grants Defendants' motion and dismisses Counts II, III,
and IV of the Complaint without prejudice.

## III.  Discussion

### A.  Allegations Concerning Unnamed Class Members

Defendant first argues that Plaintiffs have failed to state a claim because Plaintiffs support their Counts with generalized allegations regarding unnamed individuals or purported members of the putative class.  (Def. Moving Br. at 7-8).  In opposition, Plaintiffs direct the Court to the generalized allegations that appear in the Complaint.  (D.E. 79, Plaintiffs' Opposition Brief ("Pl. Opp. Br.") at 8-9).  Plaintiffs also reference the allegations specific to Plaintiffs Meyer and Tatum.  (*Id.* at 9-10).

On a motion to dismiss a putative class action complaint, the Court may only consider the allegations of the named plaintiffs, and not the generalized allegations of unnamed plaintiffs or putative class members.  *Luppino v. Mercedes-Benz USA, LLC*, No. 09-5582, 2010 WL 3258259, at *4 (D.N.J. Aug. 16, 2010) ("[T]his Court notes that [p]laintiffs' allegations regarding the experience of members of the putative class, in general, cannot fulfill the requirement of pleading with adequate specificity.") (citing *Rolo v. City Investing Co. v. Liquidating Trust*, 155 F.3d 644, 659 (3d Cir. 1998) (abrogated on other grounds by *Forbes v. Eagleson*, 228 F.3d 471, 483-84 (3d Cir. 2000)); *see also Alban v. BMW of N. Am., LLC*, No. 09-5398, 2011 WL 900114, at *6 n.3 (D.N.J. Mar. 15, 2011) ("Plaintiff has not yet moved for class certification and the pending [m]otion to [d]ismiss addresses only the legal sufficiency of his allegations regarding his own vehicle.").  Accordingly, the Court will not consider the generalized allegations in the Complaint in determining whether Plaintiffs have alleged sufficient facts to withstand Defendant's motion to dismiss.

**B.      Plaintiff Meyer's New Jersey Consumer Fraud Act Claim (Count II)**

Defendant argues that Plaintiff Meyer cannot maintain a cause of action under the NJCFA for three reasons: (1) the alleged fraud did not induce Plaintiff Meyer into purchasing anything; (2) there is no ascertainable loss as a result of the alleged failure to notify Plaintiff Tatum about the extended three-year/36,000 mile warranty; and (3) there is no unlawful conduct since New Jersey law does not require Defendant to notify all consumers when it extends a warranty.  (Def. Moving Br. at 10-12).

In opposition, Plaintiffs argue that in order to show ascertainable loss, Plaintiff Meyer need only show that she was deprived of the warranty coverage that she was promised at the time of purchase.  (Pl. Opp. Br. at 14-15).  In response to Defendant's inducement argument, Plaintiffs contend that they have fulfilled any inducement requirement because Defendant induced Plaintiff Meyer to purchase brake repairs "even if Plaintiff Meyer ultimately did not do so." (*Id.* at 12).  Moreover, Plaintiffs argue that an unconscionable commercial practice "need not induce the purchase" because the NJCFA includes "subsequent performance" of those involved in commercial transactions.  (*Id*. at 12-13).  Finally, in response to Defendant's unlawful conduct argument, Plaintiffs state that Defendant's concealment of the extended three-year/36,000 mile warranty falls within the broad definition of unconscionability under the NJCFA.  (*Id*. at 4, 15-16).

The NJCFA states that:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, *in connection with the sale or advertisement of any merchandise or real estate*, or with the subsequent performance of such person as aforesaid, whether or not any person

- 9 -

has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

N.J.S.A. § 56:8-2 (emphasis added).  "[T]o state a claim under the [NJCFA], a plaintiff must allege each of three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss."  *Indian Brand Farms, Inc. v. Novartis Crop Protection Inc.*, 617 F.3d 207, 219 (3d Cir. 2010) (citation and quotations omitted).  Claims brought under the NJCFA "are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)."  *Parker v. Howmedica Osteonics Corp.*, No. 07–2400, 2008 WL 141628, at *2 (D.N.J. Jan.14, 2008).  Accordingly, Plaintiffs must plead each NJCFA claim with the requisite specificity to "place the defendant on notice of the [unlawful] conduct for which it is charged."  *Frederico*, 507 F.3d at 200.

To recover damages under the NJCFA, Plaintiffs must therefore show that the Defendant's alleged unlawful conduct (*i.e.*, lack of notification of the warranty extension) of Defendant *caused* the complained of losses (*i.e.*, unreimbursed costs).  *See Frederico*, 507 F.3d at 203; (*see also* Pl. Opp. Br. at 11 ("Count II . . . is based on Plaintiffs' allegations that Chrysler covertly extended the warranty period . . . ."); 2AC ¶ 79 ("As a result of [Defendant's] unlawful conduct, Plaintiff and Subclass members have suffered an ascertainable loss in the form of unreimbursed costs for brake repairs and other costs related to the defective [b]raking [system].")).  Defendant argues that Plaintiffs' Complaint is "devoid of a single allegation that Plaintiffs paid any money for any brake repair ***after*** the extended warranty was issued by [Defendant]."  (D.E. 81, Defendant's Reply in Support of its Motion to Dismiss ("Def. Reply Br."), at 11-12 (emphasis in original)).

- 10 -

The Court agrees that Plaintiffs' Complaint is devoid of any such allegations involving Plaintiff Meyer.   Moreover, the Court notes that Plaintiffs' Complaint is devoid of any allegations that Plaintiff Meyer sought reimbursement for repairs she had already paid for and was denied such reimbursement.   Indeed, Plaintiffs allege that if vehicle owners have "already paid to replace the front pads and rotors, they may be eligible for a reimbursement" under the extended three-year/36,000 mile warranty.   (2AC ¶ 37).   Plaintiff Meyer accordingly alleges that she suffered an "*ascertainable loss* in the form of *unreimbursed costs* for brake repairs and other costs related to the defective [b]raking [s]ystem."   (*Id.* ¶ 79 (emphasis added)).   The Court therefore finds that the costs incurred by Plaintiff Meyer cannot possibly represent losses incurred *as a result* of the lack of notification of the warranty extension because Plaintiff Meyer has not alleged that she sought and was subsequently denied reimbursement for any of her out-of-pocket repair costs.

Plaintiffs cannot survive a motion to dismiss under 12(b)(6) when they have failed to allege an element of NJCFA.   *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564, 573 (D.N.J. 2010) ("To satisfy the federal pleading standard, plaintiff's complaint must *expressly* set forth factual allegations that satisfy the *elements* of a CFA claim.") (emphasis added); *Kalow & Springnut, LLP v. Commence Corp.*, No. 07-3442, 2008 WL 2557506, at *7 (D.N.J. June 23, 2008) (dismissing the plaintiff's NJCFA claim because plaintiff only alleged a causal nexus in "broad-brush fashion" and "recit[ed] legal conclusions that alone do not pass muster under *Twombly* nor Rule 9(b)").   Because Plaintiffs have not presented any facts to support a causal connection between Plaintiff Meyer's expenses and the lack of notification of the warranty extension, the NJCFA claim in Count II must be dismissed.

**C.      Plaintiffs' Breach of Warranty Claims Under State Law (Count IV)**

Defendant argues that Plaintiffs have failed to allege specific facts that show breach of any applicable warranty or that Plaintiffs attempted to repair their vehicles under the new extended warranty.   (Def. Moving Br. at 17).   In opposition, Plaintiffs state that they have sufficiently alleged breach of warranty claims, and cite to paragraphs of the Complaint that reference generalized allegations not specific to either Plaintiff Tatum or Plaintiff Meyer.   (*See* Pl. Opp. Br. at 19 (citing 2AC ¶¶ 30-31, 34)).   As explained above, Plaintiffs cannot rely on the generalized allegations of unnamed or putative class members to sustain their claims.[5]

Nevertheless, the Court considers whether allegations relating specifically to either Plaintiff Meyer or Plaintiff Tatum are sufficiently pleaded for a breach of warranty claim. Plaintiffs allege that Defendant breached applicable warranties in three separate ways: (1) Defendant failed to provide free warranty repairs to the braking system within the one year/12,000 mile warranty; (2) Defendant failed to provide free warranty repairs to other parts and systems under the applicable warranty (either one year/12,000 miles or three year/36,000

---

[5] The Court also notes that neither party has briefed the issue of choice of law, and it is not clear from Plaintiffs' heading "Fourth Count (New Jersey and California Subclasses) (For Breach of Express Warranty under State Law)," (2AC ¶ 89), which state law Plaintiffs believe applies to the named Plaintiffs' breach of warranty claims. Nevertheless, the Court need not address the choice of law issue because the named Plaintiffs' claims would fail under both New Jersey and California state law.   To state a claim for breach of warranty in both New Jersey and California, a plaintiff must allege that the product in question was under warranty and the defendant breached that warranty.   *Cooper v. Samsung Elec. Am., Inc.*, 374 F. App'x 250, 253 (3d Cir. 2010); *Hughes v. Panasonic Consumer Elec. Co.*, No. 10-846, 2011 WL 2976839, at *18 (D.N.J. July 21, 2011) (citing Stearns v. Select Comfort Retail Corp., No. 08-2746, 2010 WL 2898284, at * 10 (N.D. Cal. July 21, 2010) (internal quotation omitted)).   As discussed below, under all the theories of breach, Plaintiffs fails to plead facts that demonstrate the repairs in question were covered by any applicable warranty and/or that Defendant failed to honor that warranty—facts required to state a claim in both New Jersey and California.   Accordingly, the Court need not address whether a choice of law analysis is appropriate at this time or which state law applies.   *See Hughes*, 2011 WL 2976839, at *10 ("[T]he Court . . . need not determine whether it is appropriate to engage in a choice of law analysis at the pleadings stage because, as detailed below, each of the plaintiffs' claims fails as a matter of law under any of the possibly applicable laws.").

miles); and (3) Defendant failed to provide free warranty repairs to the braking system within the extended three year/36,000 mile warranty.  (2AC ¶¶ 20, 91).  The Court now considers each claim in turn.

### 1.       Breach of One-Year/12,000 Mile Warranty

Plaintiffs first allege that Defendant failed to provide free warranty repairs to the braking system within the one-year/12,000 mile warranty.  (2AC ¶¶ 21, 91).  The Third Circuit has held that "the general rule . . . is that an express warranty does not cover repairs made after the applicable time . . . ha[s] elapsed."  *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995) (internal quotations omitted).  "Accordingly, to prevail on a warranty claim, a plaintiff must demonstrate [and] allege the existence of an express warranty, and the warrantor's failure to fulfill a promise under the warranty."  *Luppino*, 2010 WL 3258259, at *4; *see also Nobile v. Ford Motor Co.*, No. 10-1890, 2011 WL 900119, at *4 (D.N.J. Mar. 14, 2011) (dismissing claim for breach of warranty because "[t]he Complaint does not state that any of the *named* [p]laintiffs suffered a transmission malfunction while they were covered by the express warranty or that they were not compensated for repairs made on their transmission while covered by the express warranty") (emphasis added).

Neither Plaintiff Meyer nor Plaintiff Tatum alleges that they sought repairs *within* the one-year/12,000 mile warranty.  Plaintiff Meyer first sought repairs to her vehicle when it had "a little *over* 12,000 miles on it."  (2AC ¶ 49) (emphasis added).  Plaintiff Tatum first sought repairs to her vehicle when it had "just *over* 12,000 miles on the odometer."  (2AC ¶ 53) (emphasis added).  Thus, the named Plaintiffs have failed to state a claim for breach of warranty under the one-year/12,000 mile warranty.

### 2.  Breach of Three-Year/36,000 Mile Warranty

Plaintiffs also allege that Defendant failed to provide free warranty repairs to other parts and systems (*i.e.*, to non-braking systems) under the three-year/36,000 mile warranty.  (2AC ¶¶ 21, 91).  In their opposition to Defendant's motion to dismiss, Plaintiffs argue that "[t]he size of the brake system-an inherent characteristic-is covered explicitly by Chrysler's general three year/36,000 miles [warranty]."  (Pl. Opp. Br. at 2).  The Complaint, however, is devoid of allegations from which the Court can draw a reasonable inference that the brake system is an "inherent characteristic" that is "covered explicitly" by the three year/36,000 mile warranty.  (*See id.*).[6]  Rather, in their Complaint, Plaintiffs concede that the three year/36,000 mile warranty does not cover the braking system.  (*See, e.g.*, 2AC ¶ 21 ("[Defendant] has warranted the Braking System for one year/12,000 miles. . . .  Other problems that arise in [the Journey] are subject to the three-year, 36,000 mile warranty (except for those other, limited items listed in the warranty).")).

Moreover, neither named Plaintiff alleges that they received any repairs for any non-braking system part of their cars.  Plaintiff Meyer alleges that she incurred expenses when she replaced the front brakes, brake pads, and rotors.  (*Id*. ¶¶ 50-51).  Similarly, Plaintiff Tatum alleges that: (1) her vehicle required repairs to the brakes and rotors, but she instead rotated her tires which "only masked the problem temporarily"; (2) her husband "bought the brake pads and made the repairs on all four wheels himself" after her "brakes . . . were squeaking again"; (3) she

---

[6] The Court also notes that Plaintiffs may not amend the Complaint in their opposition brief to Defendant's motion to dismiss.  *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations omitted).

"paid the local . . . repair shop . . . to replace the front brake pads and rotors in her Journey"; (4) the same local repair shop later "resurface[d] her Journey's front rotors" as a "courtesy"; and (5) she "had the rear brake pads and calipers . . . replaced . . . ." (*Id.* ¶¶ 53-56). All of the repairs alleged by both named Plaintiffs therefore concern the braking system.

### 3. Breach of Extended Three-Year/36,000 Mile Warranty

Finally, Plaintiffs allege that Defendant failed to provide free warranty repairs to the braking system within the extended three-year/36,000 mile warranty. (*Id.* ¶ 91). To allege breach of warranty, either Plaintiff must allege that she attempted to repair her vehicle or obtain a refund for previous repairs after August 19, 2010, *and was denied the warranty coverage*. *See Luppino*, 2010 WL 3258259, at *4 ("[T]o prevail on a warranty claim, a plaintiff must demonstrate [and] allege the existence of an express warranty, and the warrantor's failure to fulfill a promise under the warranty.").

The named Plaintiffs' repairs, however, occurred *before* any warranty extension warranty. (2AC ¶ 7 ("[A]t some point after the filing of the initial complaint, [Defendant] surreptitiously extended the warranty on brake components from one year/12,000 miles to three years/36, 000 miles on a nationwide basis."). The named Plaintiffs have not alleged that they were charged for repairs *after* the warranty was extended or that they requested reimbursement for the repairs that were done before the warranty extension. (*See id.* ¶¶ 48-57). In short, Plaintiffs Meyer and Tatum fail to allege any breach of the extended three-year/36,000 warranty.

Accordingly, Plaintiffs fail to allege facts sufficient to sustain a breach of warranty claim under any of the applicable warranties. Therefore, Count IV is dismissed without prejudice.

**D.      Plaintiffs' Claims Under the Magnuson-Moss Act (Count III)**

The Magnuson-Moss Warranty Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract may bring suit for damages and other legal and equitable relief."  15 U.S.C. § 2310(d)(1).  But "Magnuson-Moss claims based on breaches of express and implied warranties under state law depend upon those state law claims."  *Cooper v. Samsung Elec. Am., Inc.*, No. 07-3853, 2008 WL 4513924, at *6 (D.N.J. Sept. 30, 2008).  Thus, if a court has dismissed a breach of warranty claim brought under state law, the court must dismiss any Magnuson-Moss claim that depends on that same warranty claim.  *See id.*  ("This Court has already dismissed Plaintiff's express and implied warranty claims, and, therefore, the Magnuson-Moss Act claims of Plaintiff are necessarily dismissed as dependent on the state law claims."); *see also Nobile*, 2011 WL 900119, at *4 ("Because the Court has dismissed the express and implied warranty claims, the Magnuson–Moss Act claims must also be dismissed.").

Here, Plaintiffs' Magnuson-Moss claims concern the same state law warranties that Plaintiffs cite for their breach of express warranty claims in Count IV.  (*Compare* 2AC ¶¶ 84-85 *with* ¶¶ 90-91).  Thus, Plaintiffs' Magnuson-Moss claims "depend upon those state law claims." *See Cooper*, 2008 WL 4513924, at *6.  Because this Court has dismissed Plaintiffs' state law breach of warranty claims, Count III must also be dismissed without prejudice. *See id.*[8]

---

[8] Because Plaintiffs' Magnuson-Moss claims must be dismissed in view of the Court's dismissal of Plaintiffs' state law breach of warranty claims, the Court need not address the parties' arguments concerning pre-suit notice under the Magnuson-Moss Warranty Act.  (*See* Def. Moving Br. at 14; Pl. Opp. Br. at 17-18).

**IV.    Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss as to Counts II, III, and IV.  The Court dismisses these counts without prejudice and grants Plaintiffs leave to file an amended complaint—consistent with this Opinion—within 30 days.  The Court therefore DENIES Plaintiff's motion for leave to file a third amended complaint as moot.  An accompanying Order shall follow.


<u>s/Esther Salas</u>
**Esther Salas, U.S.D.J.**